CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 14 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES GARNER MELTON, JR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:10cv00302 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| DISCOVER PROPERTY AND ) | |
| CASUALTY INSURANCE COMPANY, ) | By: Samuel G. Wilson |
| ) | United States District Judge |
| Defendant. ) | |

This is a diversity action pursuant to 28 U.S.C. § 1332 by plaintiff, James Garner Melton, Jr. ("Melton"), seeking a declaratory judgment that defendant, Discover Property and Casualty Insurance Company ("Discover"), provides him underinsured motorist ("UIM") coverage for injuries he sustained while operating a tractor-trailer belonging to his employer Fleetmaster Express, Inc. ("Fleetmaster").[1] Discover issued Fleetmaster a motor vehicle policy (the "Policy") with $1,000,000 liability limits and notified Fleetmaster that its uninsured motorist ("UM") and UIM coverage would default to that amount unless it chose lower limits of not less than Virginia's "Financial Responsibility Limits." Although Fleetmaster completed a form selecting the minimum "Financial Responsibility Limits," for its UM/UIM coverage,[2] Melton claims that deficiencies in that form invalidate Fleetmaster's selection, resulting in UM/UIM coverage equaling its liability coverage of $1,000,000. Melton also claims that the policy fails to comply

---

[1] Melton is a Virginia citizen and Discover is an Illinois corporation with its principal place of business in that state.

[2] Virginia Code § 38.2-2206 treats UM's and UIM's as the same and the terms are generally used interchangeably. A UM is a motorist without any insurance coverage while a UIM is a motorist who has less liability insurance coverage than the UM/UIM coverage of the injured party. See id. at B.

with Virginia law resulting in UM/UIM coverage of $1,000,000. The matter is before the Court on cross-motions for summary judgment. The court finds that there is no genuine dispute as to any material fact and enters a declaratory judgment that Discover affords only the minimum UM/UIM coverage limits required in Virginia.

## I.

Virginia law requires insurers issuing or delivering automobile liability policies in Virginia to provide UM/UIM coverage. See § 38.2-2206. Under § 38.2-2206, an insured's UM/UIM coverage limits will equal his liability coverage limits unless he rejects this coverage and elects a lesser amount. However, even where the insured elects lesser UM/UIM coverage limits, the insured may not elect UM/UIM limits less than the minimum limits statutorily specified for liability coverage by Virginia Code § 46.2-472: "$25,000 because of bodily injury to or death of one person in any one accident and, subject to the limit for one person, to a limit of $50,000 because of bodily injury to or death of two or more persons in any one accident, and to a limit of $20,000 because of injury to or disruption of property of others in any one accident." See § 46.2-472; § 38.2-2206.

Fleetmaster renewed its motor vehicle insurance policy with Discover, for the period of March 1, 2009 through March 1, 2010. This policy provided Fleetmaster with $1,000,000 in commercial automobile liability coverage.[3] On January 30, 2009 Fleetmaster completed a "supplementary commercial automobile application" in connection with its application. In completing the application, Fleetmaster's President, Carl Bumgarner, intended to reject Fleetmaster's $1,000,000 default UM/UIM limits and select instead the lowest UM/UIM limits

---

[3] Discover issued and delivered the Policy to Fleetmaster at its Roanoke, Virginia address.

permitted under Virginia law. The supplementary application form Bumgarner completed provided, in pertinent part:

> In accordance with the laws of Virginia, your automobile liability or motor vehicle liability policy shall <u>automatically</u> include Uninsured and Underinsured Motorists Coverage at limits equal to the Bodily Injury and Property Damage Liability policy limits, <u>unless</u> you choose lower limits as indicated below, but not less than the Financial Responsibility Limits of $25,000/$50,000 for Bodily Injury, or $20,000 for Property Damages Split Limits; $70,000 Combined Single Limits (CSL). . . .
>
> Please make your selection below:
>
> ☐ I wish to select Financial Responsibility Limits. The Uninsured Motorists Coverage limits will be either split (each person/each accident) or a combined single limit (CSL), consistent with the Bodily Injury and Property Damage Limits.
>
> ☐ I wish to select Uninsured and Underinsured Motorists Coverage at limits less than the Bodily Injury and Property Damage policy limits, but greater than the Financial Responsibility Limits. (Specify)
>
> ☐ $100,000 each accident (CSL)
>
> ☐ $250,000 each accident (CSL)
>
> . . .
>
> ☐ $1,000,000 each accident (CSL)
>
> ☐ $_____

(Compl. Ex. C, at 2 (emphasis in original).)

Bumgarner completed and returned the form to Discover, selecting, as he intended, the first option, reading "I wish to select Financial Responsibility Limits." (Id. at 3.)[4] Consequently,

---

[4] In an Affidavit filed by Discover, Mr. Bumgarner states, in part:

3. In completing [the] Supplementary commercial Automobile Application – VIRGINIA, I intended to reject and understood that I was rejecting Uninsured and Underinsured Motorists Coverage limits in Virginia in an amount equal to the liability limits obtained by Fleetmaster.
4. In completing [the] Supplementary Commercial Automobile Application – VIRGINIA, I intended to request and understood I was requesting Uninsured and Underinsured Motorists Coverage at the lowest limits of liability permitted under Virginia law . . . in an amount equal to the Virginia financial responsibility limits - to be provided either as split limits ($25,000 each person

3

when Discover issued the policy, a separate page of the Policy, titled "Virginia Declarations Supplement," specified that, for uninsured motorist coverage, "the most [Discover would] pay for any one accident or loss" would be $70,000. (Compl. Ex. D.) The applicable Virginia "Uninsured Motorists Endorsement," further provided that "the most [Discover would] pay for all damages resulting from any one "accident" [would be] the limit of Uninsured Motorists Insurance shown in the Schedule or Declarations" as further delineated by "the separate limits required by the Virginia Motor Vehicle Safety Responsibility Act."

On July 31, 2009, Melton, a Fleetmaster employee, was driving southbound on Interstate 81, near Harrisonburg, Virginia, in a Fleetmaster tractor-trailer. Melton alleges another southbound vehicle, operated by John Wodecki ("Wodecki"), negligently swerved into his vehicle. This caused Melton to veer left across the median and northbound traffic lanes, up a hill, through a fence and finally into an unoccupied James Madison University dormitory. Melton was severely injured in the crash and has medical bills that alone total more than $120,000. Melton has sued Wodecki in state court for personal injuries, and that suit is currently pending. Wodecki's motor vehicle policy allegedly has liability coverage of $100,000. Melton seeks a declaratory judgment that Discover provides UM/UIM coverage of $1,000,000, the liability limits of Discover's policy.

II.

Melton claims that Fleetmaster's selection of the financial responsibility limits of UM/UIM coverage on the supplementary application form was ineffective because that form incorrectly

---

bodily injury/$50,000 each accident bodily injury/$20,000 property damage) or a $70,000 combined single limit.

(Def.'s Opp'n Mem. to Pl.'s Mot. Summ. J., Ex. 5, ECF. 18-1.)

detailed the minimum amounts of UM/UIM coverage Virginia requires which, as previously stated, are: "$25,000 because of bodily injury to or death of one person in any one accident and, subject to the limit for one person, to a limit of $50,000 because of bodily injury to or death of two or more persons in any one accident, <u>and</u> to a limit of $20,000 because of injury to or disruption of property of others in any one accident." See § 46.2-472; § 38.2-2206 (emphasis added). However, in explaining Virginia's minimum limits, Discover incorrectly used the conjunction "or" rather than the correct conjunction "and" directly preceding the language that begins "to a limit of $20,000." Of course, the result is a misstatement of Virginia law. As a consequence of Discover's mistaken description of Virginia's UM/UIM coverage limits, Melton maintains that he has $1,000,000 in UIM coverage even despite Fleetmaster's selection of Virginia's "financial responsibility limits" which Fleetmaster's President clearly understood to be the minimum financial responsibility limits for UM/UIM coverage in Virginia.[5] The Court concludes, however, that Fleetmaster's actual and intended rejection of its liability limits as its UM/UIM limits and its unequivocal selection of Virginia's "financial responsibility limits" were all that the controlling Virginia statutes require.[6] Consequently, Melton does not have $1,000,000 in UM/UIM coverage because of Discover's

---

[5] At the hearing on cross-motions for summary judgment, Melton also argued that the rejection form was ineffective because it did not provide an option for choosing liability limits. The argument is specious in two respects. First, as the form made plain, Fleetmaster's UM/UIM coverage limits would equal its liability limits unless it completed and returned the form. If it failed to complete and return the form it was *choosing* its liability limits. Second, Fleetmaster had $1,000,000 in liability coverage and there was a place on the form to select $1,000,000 in UM/UIM coverage. Therefore, the court rejects this argument as well.

[6] Under Rule 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court views the evidence and makes all reasonable inferences in the light most favorable to the nonmoving party. Sempione v. Provident Bank of. Md., 75 F.3d 951, 954 (4th Cir. 1996).

immaterial, grammatical mistake.

Under § 38.2-2206, an insured's UM/UIM coverage limits will default to his motor vehicle liability limits unless he *actually* rejects those limits and communicates his rejection to his motor vehicle liability insurer. See § 38.2-2206(A). An intention to reject is not sufficient; there must be an actual rejection. White v. Nat'l Union Fire Ins. Co., 913 F.2d 165, 169 (4th Cir. 1990). An insured who is informed that his UM/UIM coverage limits will equal his liability limits unless he selects a lesser amount and who does select a lesser amount and so informs his insurer, has sufficiently rejected his liability limits as his UM/UIM coverage limits in accordance with Virginia Code § 38.2-2202 and § 38.2-2206. Though an insured cannot elect UM/UIM coverage limits that are less than the limits provided by § 46.2-472,[7] if an actual rejection of the policy's liability limits has occurred, a court may look to the policy coverage issued to "[erase a] defect in the rejection" that resulted in the selection of UM/UIM coverage below Virginia's financial responsibility limits. See Ins. Co. of N. Am. v. MacMillian, 945 F.2d 729, 731–32 (4th Cir. 1991) (finding that the improper total rejection of all UM/UIM coverage was cured by the later policy endorsement providing for $60,000 of UM coverage). Substantial compliance with the controlling UM/UIM coverage statutes, rather than hypertechnical compliance, is all that is required. See, e.g., Arnold v. Liberty Mut. Ins. Co., 866 F. Supp. 955, 958 (W.D. Va. 1994).

With the above precepts in mind, the court rejects Melton's claim to higher limits.

---

[7] The minimum coverage option provided by § 46.2-472 is commonly known and referred to as the Virginia financial responsibility limits. See Arnold, 866 F. Supp. at 958 (referring to the limits as the financial responsibility limits); MacDougall v. Hartford Ins. Group, 61 Va. Cir. 181 (Va. Cir. Ct. 2003) (referring to the limits as the minimum financial responsibility limits); see also Va. Code § 46.2-100 ("'Financial responsibility' means the ability to respond in damages for liability thereafter incurred arising out of the ownership, maintenance, use, or operation of a motor vehicle, in the amounts provided for in § 46.2-472.").

Although Discover's supplementary application form garbles its explanation of Virginia's financial responsibility limits, Fleetmaster clearly rejected its liability limits as it UM/UIM limits and instead selected Virginia's minimum limits which it understood to be the minimum UM/UIM limits Virginia permits.[8] Both its rejection and its selection were clear, and it understood them. The controlling Virginia statutes require nothing more for the rejection and the selection to be valid. Consequently, Melton cannot recover more than the UM/UIM coverage Fleetmaster selected: Virginia's minimum financial responsibility limits.

### III.

Melton claims that the Policy fails to comply with Virginia's split limits requirements because the declaration page only identifies Fleetmaster's UM/UIM coverage limits in a combined single limit format,[9] rather than tracking the precise split limits language of § 46.2-472, which § 38.2-2206 prescribes as the minimum limits for UM/UIM coverage. The Policy language itself does no better, according to Melton, because it describes the limits of Fleetmaster's UM/UIM coverage as the amounts specified by the "Virginia Motor Vehicle Safety Responsibility Act," embodied in part in a predecessor (and now repealed) statute establishing minimum limits for UM/UIM coverage in Virginia. As of the date of its repeal, the Virginia Motor Vehicle Safety

---

[8] Even if Fleetmaster had chosen limits below the financial responsibility limits, this defect would have been cured by the listing of a $70,000 combined single limit UM/UIM coverage on the supplementary application and other sections of the Policy. See Ins. Co. of N. Am., 945 F.2d at 731-32 (finding that an endorsement in the policy at issue in that case, which listed Virginia's minimum limits for UM/UIM coverage, "[erased] the defect in the rejection [form, which had provided for the] total absence of UM coverage.").

[9] Insurance limits for UM/UIM coverage are generally listed in split format (bodily injury for one person/total bodily injury per accident/property damage per accident) or as a combined single limit, showing the maximum amount that could be paid for a single accident without breaking out into the per person/per accident/property damage figures.

Responsibility Act specified minimum UM/UIM coverage limits less than those currently required. (See Compl. Ex. E; Def. Mot. Summ. J. 16.) According to Melton, these imprecise provisions of Fleetmaster's policy, by operation of law, cause Fleetmaster's UM/UIM coverage to equal its $1,000,000 liability limit. The court considers each of these arguments in turn and rejects them.

Melton cites White v. Nat'l Union Fire Ins. Co. to support his argument that the policy fails to comply with Virginia's split limits requirements because the declaration page only identifies Fleetmaster's UM/UIM coverage limits in a combined single limit format. Melton relies on language in White suggesting that a combined single limit format does not correctly describe Virginia's statutorily required UM/UIM coverage limits. Whether or not that is true, White still does not stand for or support the proposition that the use of a combined single limit description rather than a split limits description causes the UM/UIM coverage limits to default to the policy's liability limits, and the court rejects the argument that it does.

Although the court in White noted that the rejection form at issue there "incorrectly listed the minimum amount of UM [coverage] as $60,000[,] . . . [and that] the minimum amount of UM coverage required [at that time] was $25,000 per person and $50,000 per accident," White, 913 F.2d at 166, clearly, it did not ground its decision on that passing observation.[10] In White, the insured, unlike Fleetmaster, did not reject his policy limits as his UM/UIM limits, but instead simply signed and returned the insurer's form without making a selection. Under the circumstances, the court in White concluded that there had been neither a rejection nor a selection and, therefore, the insured's

---

[10] Describing UM/UIM coverage in a combined single limit format is not an unusual practice and is something courts have done often without discussion or confusion. See Elliott v. Liberty Mut. Ins. Co., 1993 U.S. App. LEXIS 188, at *5 (4th Cir. Jan. 7, 1993); Ins. Co. of N. Am., 945 F.2d at 732; Jefferson v. Harco Nat'l Ins. Co., 2009 U.S. Dist. LEXIS 51703, at *22 (E.D. Va. June 18, 2009); Jarrell-Henderson v. Liberty Mut. Fire Ins. Co., 2009 U.S. Dist. LEXIS 10755, *9–10 (E.D. Va. Feb. 9, 2009); Arnold, 866 F. Supp. at 958.

UM/UIM coverage limits defaulted to his liability limits. The court's decision "did nothing more than reaffirm the principle that there must be a rejection or the uninsured and underinsured limits will equal the liability limits; intent to reject is insufficient." Arnold, 866 F. Supp. at 958. The court finds no applicable principle or controlling or persuasive authority to support Melton's argument and rejects it.

Melton also argues that the Policy's reference to the Virginia Motor Vehicle Safety Responsibility Act does not suffice under § 38.2-2206 because this now repealed Act specified lower minimum limits than § 46.2-472 currently specifies. Virginia Code § 46.1-504, which codified the pertinent provisions of the repealed Act, has been repealed and replaced by § 46.2-472. However, Virginia Code Section 46.2-472 is identical in all pertinent respects to its predecessor with the exception of the minimum coverage for property damage: while § 46.1-504 required only $10,000 minimum coverage for property damage, § 46.2-472 requires $20,000. The statutes'

respective bodily injury provisions completely align.[11]

Here, Melton does not claim an insurable interest in property damaged in the accident and is seeking only bodily injury coverage, and Fleetmaster understood the policy's reference to the now obsolete language of the repealed Virginia Motor Vehicle Safety Responsibility Act as a reference to Virginia's current financial responsibility limits. Given Fleetmaster's objectively reasonable understanding and its clear rejection and selection as a backdrop, Melton has no valid claim that the Fleetmaster's UM/UIM bodily injury coverage limits had defaulted to its liability limits. Accordingly, the court grants Discover's Motion for Summary Judgment on these issues.

---

[11] Former Virginia Code Section 46.1-504 read, in pertinent part,

Every vehicle owner's policy shall: * * *
(c) Insure the insured or other person against loss from any liability imposed by law for damages, including damages for care and loss of services, because of bodily injury to or death of any person, and injury to or destruction of property caused by accident and arising out of the ownership, use, or operation of such motor vehicle or motor vehicles within the Commonwealth, any other state in the United States, or Canada, subject to a limit exclusive of interest and costs, with respect to each motor vehicle, of **$25,000** because of bodily injury to or death of one person in any one accident and, subject to the limit for one person, to a limit of **$50,000** because of bodily injury to or death of two or more persons in any one accident, and to a limit of **$20,000** because of injury to or destruction of property of others in any one accident.

Va. Code § 46.1-504 (repealed 1989) (emphasis added).

Virginia Code Section 46.2-472 reads, in pertinent part,

Every motor vehicle owner's policy shall: * * *
3. Insure the insured or other person against loss from any liability imposed by law for damages, including damages for care and loss of services, because of bodily injury to or death of any person and injury to or destruction of property caused by accident and arising out of the ownership, use or operation of such motor vehicle or motor vehicles within this Commonwealth, any other state in the United States, any territory, district or possession of the United States and under its exclusive control or the Dominion of Canada, subject to a limit exclusive of interest and costs, with respect to each motor vehicle, of **$25,000** because of bodily injury to or death of 1 person in any 1 accident and, subject to the limit for 1 person, to a limit of **$50,000** because of bodily injury to or death of 2 or more persons in any 1 accident, and to a limit of **$10,000** because of injury to or destruction of property of others in any 1 accident.

Va. Code § 46.2-472 (emphasis added).

## IV.

For the reasons stated, the court grants summary judgment for Discover and declares that the UM/UIM limit under the Policy for the injuries Melton sustained in the accident is $25,000.

**ENTER**: January 14, 2011.

_____
UNITED STATES DISTRICT JUDGE